1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTEM BERESNEV SERGEEVICH,

　　　　　　Plaintiff,

　　v.

NEKRASOV ROSTISLAV DENISOVICH,

　　　　　　Defendant.

CASE NO. 2:23-cv-01331-JHC

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

　　　　Before the Court is non-represented Plaintiff Artem Beresnev Sergeevich's complaint. Dkt. # 4.  In the complaint, Plaintiff maintains that he is the "rightful holder of intellectual rights of 'DayZone Content 01' of [the] Russian federation" and that Defendant Nekrasov Rostislav Denisovich violated those rights when he downloaded and then "re-uploaded and used this content . . . on Valve Software's 'Steam Workshop[.]'" *Id.* at 5.  Plaintiff further alleges that the Court's subject matter jurisdiction is based on federal question jurisdiction under "Clause 8 Intellectual Property." *Id.* at 3–4.

　　　　The party invoking jurisdiction must allege facts that establish the Court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 1

United States. 28 U.S.C § 1331. A plaintiff must allege federal question jurisdiction "on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).

The Court may exercise federal question jurisdiction in two situations. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). First, the Court has jurisdiction if a federal right or immunity is "'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 11 (1983)). And second, "if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

Here, Plaintiff appears to reference the "Intellectual Property Clause" of the U.S. Constitution as the basis for federal question jurisdiction, which grants Congress the power to "promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." U.S. Const. art. 1, § 8, cl. 8. Although Plaintiff begins to describe what may be generously construed as a cause of action arising under intellectual property infringement—seemingly involving the misuse of his intellectual property—it is unclear from the face of the complaint what "DayZone Content 01" is, what type of intellectual property rights Plaintiff possesses over it, and what type of infringement Defendant is alleged to have committed. Even construing Plaintiff's complaint liberally given his non-represented status, his claim is so lacking in detail that it cannot properly form a basis for federal question jurisdiction as pleaded.

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 2

For these reasons, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. If Plaintiff fails to provide the Court with the information within fourteen (14) days of this order, the case will be dismissed without prejudice.

Dated this 26th day of September, 2023.

John H. Chun
United States District Judge