UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTEM BERESNEV SERGEEVICH,<br>Plaintiff,<br><br>v.<br><br>NEKRASOV ROSTISLAV DENISOVICH,<br>Defendant. | CASE NO. 2:23-cv-01331-JHC<br><br>ORDER |

The matter comes before the Court on self-represented Plaintiff Artem Beresnev Sergeevich's claim that Defendant Nekrasov Rostislav Denisovich reproduced, distributed, and publicly displayed Sergeevich's digital work, "DayZone Content," in violation of the United States Copyright Act.  *See* 17 U.S.C. § 101, *et seq.*; Dkt. ## 4, 7.  On November 2, 2023, the Court directed Sergeevich to comply with filing requirements under Local Rule 3(a).  Dkt. # 8.  On November 16, 2023, Servgeevich did so, filing AO Form 121 with the Court.  Dkt. ## 9, 10.  Sergeevich also included a "Certificate of Deposit," which demonstrated that he deposited his work "into a virtual n'RIS register cell" on June 14, 2022.  Dkt. # 9-1.

After review of Sergeevich's filings and a thorough search of the U.S. Copyright Office's Public Records System, the Court determines that Sergeevich does not have a registered U.S.

ORDER - 1

copyright for "DayZone Content." First, the Court could not locate any U.S. copyright associated with Sergeevich, "DayZone Content," or the copyright number he provided to the Court. *See Public Records System*, U.S. Copyright Office (last visited Nov. 20, 2023), https://publicrecords.copyright.gov; Dkt. # 9. Second, although the "Certificate of Deposit" at Docket 9-1 shows that Sergeevich uploaded "DayZone Content" to the "National Register of Intellectual Property," this is an organization based in Russia and does not prove Sergeevich possesses a copyright in the United States. *See* Dkt. # 9-1.

Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." A copyright claimant may only commence an infringement suit once the U.S. Copyright Office registers the copyright." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. ---, 139 S. Ct. 881, 886 (2019). There are limited circumstances in which a copyright owner may preregister a copyright and file an infringement suit before completing registration, this applies to copyright owners who are "preparing to distribute a work of a type vulnerable to predistribution infringement," such as a "movie or musical composition[.]" *Id.* at 888.

Because Sergeevich does not have a registered copyright with the U.S. Copyright Office and "DayZone Content" is not "particularly vulnerable to predistribution," he has not pleaded a cognizable copyright claim under 17 U.S.C. §411(a) and the Court thereby lacks subject matter jurisdiction to adjudicate this action. Fed. R. Civ. P. 12(b)(1). The Court therefore DISMISSES this matter without prejudice.

/

/

/

Dated this 20th day of November, 2023.

John H. Chun
United States District Judge

ORDER - 3